IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ELLEN F. WOODERTS | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-10-CV-0573-P |
| | § | |
| DALLAS I.S.D., ET AL. | § | |
| | § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for initial screening pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil action brought by Ellen F. Wooderts, an African-American female, against her former employer, the Dallas Independent School District ("DISD"), and various administrators employed by or associated with the school district. On March 22, 2010, plaintiff tendered a one-page complaint with attachments to the district clerk and filed an application to proceed *in forma pauperis*. Because the information provided by plaintiff in her pauper's affidavit indicates that she lacks the funds necessary to prosecute this action, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. Written interrogatories then were sent to plaintiff in order to obtain additional information about the factual basis of this suit. Plaintiff answered the interrogatories on April 26, 2010. The court now determines that plaintiff's claims should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

II.

Plaintiff, a former second grade teacher at O.M. Roberts Elementary School in Dallas, Texas, contends that she was improperly evaluated as "below expectations" and discharged from her employment without good cause. On March 30, 2009, plaintiff filed a charge of discrimination with the EEOC alleging that she was reprimanded and denied certification on account of her race, national origin, education, and in retaliation for reporting child abuse and promoting two disabled students who completed the appropriate course work. After concluding that plaintiff failed to present sufficient evidence of a Title VII violation, the EEOC issued a right-to-sue letter notifying plaintiff of her right to file suit in federal district court "within 90 days of your receipt of this Notice[.]" (*See* Mag. J. Interrog., Attch.). Plaintiff received the letter on or about August 21, 2009. (*See* Mag. J. Interrog. #7). More than six months later, on March 22, 2010, plaintiff filed this action in federal district court. In her complaint, plaintiff asserts a myriad of claims under various federal statutes, including the No Child Left Behind Act of 2001 ("NCLBA"), 20 U.S.C. § 6301, *et seq.*, the Education of All Handicapped Children Act of 1975 ("EAHCA"), as amended, 20 U.S.C. § 1400, *et seq.*, Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400, *et seq.*, Title IX of the Education Amendments of 1972 ("Title IX"), 20 U.S.C. § 1681, *et seq.*, and Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e, *et seq.* Plaintiff also sues for defamation, due process violations, and retaliation for exercising her right to free speech.

A.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

      (i)     is frivolous or malicious;

      (ii)    fails to state a claim on which relief may be granted; or

      (iii)   seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level." *Id.*, 127 S.Ct. at 1965. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Twombly*, 127 S.Ct. at 1964-65. The court must accept all well-pleaded facts as true and view the allegations in the light most favorable to the plaintiff. *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007), *cert. denied sub nom.*, *Xavier Univ. of Louisiana v. Travelers Cas. Property Co. of America*, 128 S.Ct. 1230 (2008).

B.

The court initially observes that plaintiff lacks standing to sue under the NCLBA, the EAHCA, or the IDEA. There is no private right of action under the NCLBA. *See Horne v. Flores*, ___ U.S. ___, 129 S.Ct. 2579, 2598 n.6, 174 L.Ed.2d 406 (2009). Only parents or legal guardians may sue on behalf of students covered by the EAHCA and the IDEA. *See generally, Susan R.M. by Charles L.M. v. Northeast Independent School Dist.*, 818 F.2d 455, 458 (5th Cir. 1987) (EAHCA); *Winkelman ex rel. Winkelman v. Parma City School Dist.*, 550 U.S. 516, 529, 127 S.Ct. 1994, 2003, 167 L.Ed.2d 904 (2007) (IDEA).

Nor has plaintiff stated a valid claim under Section 504 of the Rehabilitation Act, which prohibits discrimination on the basis of disability "under any program or activity receiving Federal financial assistance[.]" *See* 29 U.S.C. § 794(a). The Rehabilitation Act was amended in 1978 to incorporate the remedies, procedures, and rights set forth in Title VI of the Civil Rights Act of 1964 ("Title VI"), 42 U.S.C.A. § 2000d *et seq*. *Id.* § 794a(2). The anti-retaliation regulation adopted pursuant to Title VI provides:

> No recipient or other person shall intimidate, threaten, coerce, or discriminate against any individual for the purpose of interfering with any right or privilege secured by Section 601 of [the Civil Rights] Act or this part, or because he has made a complaint, testified, assisted, or participated in any manner in an investigation, proceeding or hearing under this part.

34 C.F.R. § 100.7(e). This regulation also applies to any right or privilege secured by the Rehabilitation Act. *See id.* § 104.61.

In her interrogatory answers, plaintiff alleges that she was retaliated against for promoting two disabled students. (*See* Mag. J. Interrog. #1(a)). However, giving passing grades to students covered by the Rehabilitation Act is not the same as making a complaint, testifying, assisting, or participating in an investigation, proceeding, or hearing under the Act. *See Shannon v. Henderson*, 275 F.3d 42 (Table), 2001 WL 1223633 at *3 (5th Cir. Sept. 25, 2001) (to establish retaliation under the Rehabilitation Act, plaintiff must be engaged in "protected activity"). This claim should be dismissed.

C.

Nor can plaintiff sue for gender discrimination under Title IX. Because Title IX prohibits the same employment practices proscribed by Title VII, "individuals seeking money damages for employment discrimination on the basis of sex in federally funded educational institutions may not

assert Title IX either directly or derivatively through § 1983." *Lakoski v. James*, 66 F.3d 751, 758 (5th Cir. 1995), *cert. denied*, 117 S.Ct. 357 (1996). Instead, such a claim must be brought under Title VII. *Id.*

### D.

Under Title VII, a plaintiff must exhaust administrative remedies before filing suit in federal court. *See Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378-79 (5th Cir. 2002), *cert. denied*, 123 S.Ct. 1287 (2003). The purpose of the exhaustion requirement is to allow the agency to fully inquire into and attempt to resolve discrimination claims. *See Clayton v. Rumsfeld*, 106 Fed.Appx. 268, 271, 2004 WL 1739465 at *3 (5th Cir. Aug. 4, 2004). While a subsequent lawsuit is not limited to the specific complaints contained in a charge, the suit *is* limited by the scope of the EEOC investigation that could reasonably be expected to grow out of the initial charge of discrimination. *See Fine v. GAF Chemical Corp.*, 995 F.2d 576, 578 (5th Cir. 1993).

Here, plaintiff's EEOC charge alleges only race discrimination, national origin discrimination, education discrimination,[1] and retaliation. (*See* Mag. J. Interrog., Attch.). Plaintiff did not check the box marked "sex" on the charge form, or make any reference to sex discrimination on the part of defendants. As a result, plaintiff may not bring a gender discrimination claim in federal court. *See Kretchmer v. Eveden, Inc.*, No. 09-10556, 2010 WL 1141527 at *2 (5th Cir. Mar. 12, 2010) (plaintiff precluded from asserting gender discrimination claim where she did not check "sex" discrimination box on charge form or otherwise disclose claim to EEOC).

Although plaintiff exhausted her administrative remedies with respect to her other allegations of discrimination and retaliation, those claims are barred by limitations. Title VII requires an aggrieved party to file suit in federal district court within 90 days after being notified of her right to

---

[1] The court notes that "education discrimination" is not protected by Title VII.

sue by the EEOC. 42 U.S.C. § 2000e-5(f)(1); *see also Price v. Digital Equipment Corp.*, 846 F.2d 1026, 1027 (5th Cir. 1988). This limitations period is strictly construed and must not be "disregarded by courts out of a vague sympathy for particular litigants." *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 152, 104 S.Ct. 1723, 1726, 80 L.Ed.2d 196 (1984); *see also Taylor*, 296 F.3d at 378-79. While the statute of limitations is subject to equitable tolling in appropriate cases, "[f]ederal courts have typically extended equitable relief only sparingly." *Rowe v. Sullivan*, 967 F.2d 186, 192 (5th Cir. 1992), *quoting Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96, 111 S.Ct. 453, 457, 112 L.Ed.2d 435 (1990). The Fifth Circuit has allowed equitable tolling "where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Id.*; *see also Stith v. Perot Systems Corp.*, No. 3-02-CV-1424-D, 2004 WL 690884 at *5 (N.D. Tex. Mar. 12, 2004), *aff'd*, 122 Fed.Appx. 115 (5th Cir. Jan. 31, 2005) (discussing Fifth Circuit requirements for equitable tolling).

Plaintiff received her right-to-sue letter on or about August 21, 2009, but did not file suit until March 22, 2010-- more than *six months* later. No explanation is offered to justify this delay. The court therefore determines that plaintiff's Title VII claims are time-barred. *See Diggs v. Cunningham*, No. 3-04-CV-1367-D, 2005 WL 2174956 at *3 (N.D. Tex. Sept. 6, 2005), *rec. adopted*, 2005 WL 2317055 (N.D. Tex. Sept. 20, 2005) (declining to toll 90-day limitations period in Title VII action absent proof that plaintiff was actively misled by defendant or actively pursued judicial remedies during filing period).

E.

The court should also dismiss plaintiff's claims for defamation and due process violations. (*See* Mag. J. Interrog. #3(5), 9). Claims for defamation, including libel and slander, are state law

matters not actionable under 42 U.S.C. § 1983 or any other federal statute. *See Waddleton v. Blalock*, 277 F.3d 1374 (Table), 2001 WL 1485851 at *1 (5th Cir. Nov. 16, 2001), *citing Geter v. Fortenberry*, 849 F.2d 1550, 1556 (5th Cir. 1988).[2] Although due process entitles a tenured public school teacher to a pre-termination hearing, *see Findeisen v. North East Independent School Dist.*, 749 F.2d 234, 239 (5th Cir. 1984), *cert. denied*, 105 S.Ct. 2657 (1985), plaintiff does not allege that she was a tenured teacher. Regardless, plaintiff apparently received such a hearing. Not only was plaintiff given an opportunity to answer the charges against her, but she was represented at the hearing by a union representative. (*See* Mag. J. Interrog. #8 & Attach.). On these facts, there is no due process violation. *See Garcia v. Reeves County*, 32 F.3d 200, 203 (5th Cir. 1994) ("To prevail on a claim of deprivation of employment without due process of law, plaintiff must show that he had a cognizable property interest in his continued employment and that the process he was afforded was insufficient to protect that interest.").

F.

Finally, plaintiff alleges that she was retaliated against for exercising her right to free speech by reporting suspected child abuse. (*See* Mag. J. Interrog. #1, 8(a)). Speech is constitutionally protected only if it addresses a "matter of public concern." *See Connick v. Myers*, 461 U.S. 138, 146-47, 103 S.Ct. 1684, 1690, 75 L.Ed.2d 708 (1983); *Kirkland v. Northside Independent School Dist.*, 890 F.2d 794, 799 (5th Cir. 1989), *cert. denied*, 110 S.Ct. 2620 (1990). In making this determination, the court must consider the content, form, and context of the speech. *See Markos v. City of Atlanta*, 364 F.3d 567, 570 (5th Cir. 2004). Here, plaintiff reported to unidentified school officials that one of her students was being abused by a parent. The form of such

---

[2] Federal diversity jurisdiction is not proper because plaintiff and all defendants are citizens of Texas. *See* 28 U.S.C. § 1332(a)(1).

communications were private. Plaintiff did not engage in any type of public protest or speak out to the general public. Under these circumstances, the court concludes that plaintiff's speech did not involve a matter of public concern. *See Rodgers v. Duncanville Independent School Dist.*, No. 3-04-CV-0365-D, 2005 WL 770712 at *3 (N.D. Tex. Apr. 5, 2005), *rec. adopted*, 2005 WL 991287 (N.D. Tex. Apr. 25, 2005) (citing cases).

## RECOMMENDATION

Plaintiff's complaint should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: May 3, 2010.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE